STATE OF IOWA V. WILLIAM YOUNG, Appellant.

**Murder:** INSTRUCTIONS. An accused, relying on self defense as jus-
1 tification, complained that the court's charge presenting the issue,

was not sufficiently specific. *Held*, that he should have requested a specific instruction.

SAME. It appearing from the evidence and admissions that the accused was guilty of murder in the first or second degree, or manslaughter, the jury were instructed that to convict of either offense it must be found that the killing was not in self defense. *Held*, sufficient to cover an omitted instruction on burden of proof.

SAME. An instruction, after giving the rules of self defense, that courts and juries must "exercise due caution in applying these principles," is not objectionable as nullifying the instructions relating to self defense.

SAME. The court may properly call the attention of the jury, on a trial for murder, to the fact that defendant is directly interested in the result. without referring to other witnesses, individually, where none of such other witnesses are directly interested.

EVIDENCE: *Dying declarations*. Declarations of the deceased, for whose murder defendant is on trial, made the day after the injury was inflicted and the day before his death and after he had been advised by a physician that he could not recover to which he replied that he expected to die, are admissible as dying declarations, although he stated to another person that he was not a "quitter."

Challenge: JUROR. Under Code, section 5360, requiring a challenge of a juror for cause, to distinctly specify the facts constituting such cause, a challenge which does not distinctly specify such cause, is properly overruled.

SAME. One will not be excluded from sitting as a juror on a trial for murder because he has formed an opinion solely on what he has read in the papers, and such opinion simply is, that the defendant killed the deceased, where there is no dispute as to that fact and he states that he can listen to the evidence and base his verdict on that alone, and that he knows nothing to prevent him from rendering a fair and impartial verdict.

Attorney Fees: DEFENSE OF CRIMINAL: *Courts*. A motion for an order on the county treasurer to compensate attorneys for defendant charged with murder, for services rendered on appeal, will be refused, as the statutes do not authorize such an order.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

WEDNESDAY, APRIL 6, 1898.

THE defendant was indicted and convicted of the crime of murder in the first degree, and from judgment of imprisonment for life he appeals.— *Affirmed.*

*H. A. McManus* and *C. S. Argo* for appellant.

*Milton Remley*, attorney general and *Jesse A. Miller*, for the state.

LADD, J.—The defendant admitted on the trial that he shot and killed George Elliott in the afternoon an December 16, 1896, and sought to justify the act on the plea of self-defense. It appears that, while playing cards in a gambling room with Robinson, a dispute arose, and the latter threw Young to the floor and took his money. Young, who had been drinking, then left, and, after obtaining a revolver by pawning his overcoat, returned, and fired once or twice into the wall, with the purpose, he says, of so frightening Robinson that he would give back the money taken. Thereupon Young went into the hall and was followed by Elliott, then in charge of the rooms, who ordered him to go down stairs. Young promised to go, but fired at Elliott, the bullet entering his abdomen and causing death. There is a conflict in the evidence as to who shot first. That of the state tended to show Young first shot Elliott, and the latter then entered the room and procured a revolver, with which he returned and shot Young in the arm. That of the defendant tended to show that Elliott followed Young into the hall in a threatening manner, and shot him in the arm, before the latter fired at the deceased. The determination of which was the aggressor was fairly for the jury, and their conclusion has ample support in the evidence.

II.   The defendant complains that the instruction submitting the plea of self-defense, while correctly stat-

ing rules applicable thereto, was not as specific as it should have been. The main issue for the jury to determine was which was the aggressor, and this was clearly indicated in the instruction given. If the defendant had desired the attention of the jury to be more particularly called to the circumstances of the transaction, he ought to have requested an instruction to that effect. It is also said that the court did not indicate upon whom was the burden of proof on this issue. Under the evidence and admissions, Young was guilty of murder in the first or second degree, or of manslaughter, and, if not of one of these, was entitled to an acquittal. The jury was told, in the eleventh, twelfth, and thirteenth instructions, that, in order to convict of one of these offenses, it must be found beyond a reasonable doubt that the killing was not in self-defense.

III. After stating the rules relating to self-defense, the court added, "Courts and jurors, however, must exercise due caution in applying these principles," and said that the jury must determine from all the evidence whether the defendant acted in self-defense. It is said this caution nullified that which preceded. It is certainly the duty of the jury to exercise care and caution in passing upon the issues in every case, and it was not error for the court to admonish them of that duty. In what way it detracted from other portions of the instruction does not appear, and is not pointed out.

IV. The court admitted testimony of the dying declarations of Elliott. It is asserted that this was done without proof that he was under the solemn belief of impending death. It appears from the evidence, however, that Dr. Knott advised the deceased, on the morning after the injury, that he could not recover, and that the deceased replied he knew it, and expected to die. The testimony of Coon was to

the effect that he tried to encourage deceased, and that the latter said he was not a "quitter," and complained of being in great pain, but, except in the expression used, did not indicate any hope of recovery. He died two days after being shot. The evidence justified the court in the conclusion that the declarations of Elliott were made with the understanding that he was in *extremis.*

V. In stating the rules for weighing the evidence, the court called the attention of the jury to the fact that the defendant was directly interested in the result of the case, and did not refer to other witnesses individually. He was the only witness who appeared to be directly interested, and for this reason others could not well have been included. *State v. Mecum,* 95 Iowa, 433.

VI. The challenge to the juror Bacon was properly overruled, as it did not distinctly specify the facts constituting the causes thereof. Code, section 5360; *State v. Munchrath,* 78 Iowa, 268. But in any event, the juror based his opinion solely on what he had read in the papers, and indicated that it was confined to the belief that the defendant had killed Elliott,—a fact not in dispute. He stated that he could listen to the evidence, and found his verdict upon that alone, and knew nothing to prevent him from rendering a fair and impartial verdict.

The newspaper reports of such transactions are based on information hurriedly obtained, and are generally understood not to be accurate in detail. They are necessarily subject to much infirmity. Should a juror be excluded because of reading these, the public would be deprived of the benefit of its most intelligent citizens in this important service. There appears no good reason for not adhering to the rule approved in *State v. Munchrath, supra,* and *State v. Brady,* 100 Iowa, 191.

The statutes do not authorize an order on the treasurer of the county for the compensation of defendant's attorneys for services rendered on this appeal, and the motion for such order, therefore, is overruled. The judgment is AFFIRMED.