STATE OF IOWA, appellee, v. J. C. GRIFFITH, appellant.

## No. 47647.

(Reported in 45 N.W.2d 155)

DECEMBER 12, 1950.

Theodore F. Mantz, of Des Moines, and Dalton & Dalton, of Atlantic, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and John E. Budd, County Attorney, for appellee.

HAYS, J.—Defendant was indicted and tried for the crime of rape of a female under the age of sixteen years, contrary to section 698.1, Code of 1946. He was convicted of the included offense of assault with intent to commit rape. Judgment was entered accordingly and defendant appeals. He submits his appeal in three divisions.

I. Appellant asserts the court erred in overruling his motion for a directed verdict. Nothing would be gained by a recitation of the facts testified to by the State's witnesses. It is sufficient to say that this testimony if believed by the jury, and it apparently was, is amply sufficient to sustain a verdict of rape.

II. Appellant contends that the court erred in refusing to give requested instructions Nos. 1, 4, 6, 7, 8 and 10. We will briefly examine them.

No. 1, in substance, requested that the jury be told that "rape is a thing easy to charge, hard to disprove." This is probably correct as a statement and might well be given, but it is not error to refuse to give it. State v. Trusty, 122 Iowa 82, 97 N.W. 989.

■ No. 4, in substance, says that defendant is entitled to all inferences that may be drawn from the evidence consistent with innocence.—The court amply protected the defendant's interests by instructing that the defendant was presumed to be innocent and all doubts should be resolved in his favor.

■ Nos. 6 and 7 state that the corroboration must be established "beyond reasonable doubt." State v. Smith, Iowa, 193 N.W. 181, cited by appellant would seem to so hold. However, it is in effect overruled by State v. Lahmon, 231 Iowa 448, 449, 1 N.W.2d 629, 630, wherein it is said: "The language of the Code section [782.4, Code of 1946], itself, is the authoritative measure of the required corroboration. * * * It need only 'tend' to connect him with the commission of the offense, to the end that the jury may say that they have no reasonable doubt of his guilt."

■ No. 8 is to the effect that a witness may be impeached by proof of having made contradictory statements.—The basis of this request is that the prosecuting witness testified that she was not undressed, while the two corroborating witnesses testified that she was. This is not impeachment testimony. Impeachment is by showing contradictory statements which have been made out of court and which are at variance with the testimony at the trial.

■ No. 10 deals with the question of defendant's good character.—Request was made that the court instruct: "* * * if the evidence of good character is sufficient to generate a reasonable doubt as to defendant's guilt, he is entitled to an acquittal, even though without proof of such good character the jury would convict." The court instructed: "* * *and it may be sufficient to turn the scale in his favor * * *." This is sufficient. State v. Billberg, 229 Iowa 1208, 296 N.W. 396.

■ III. Appellant also asserts error because the court failed to instruct that "assault and battery" and "simple assault" were included offenses. It submitted merely "rape" and "assault with intent to commit rape." The general rule as to included offenses is that failure to instruct on included offenses is not error where the evidence shows accused is guilty of the higher offenses or not at all. State v. Jones, 233 Iowa 843, 10 N.W.2d 526. Furthermore, this is a case of statutory rape, and

force is neither charged nor shown. Under such a situation assault and battery and simple assault are not included offenses. State v. Evenson, 237 Iowa 1214, 24 N.W.2d 762. Appellant's cases are where force was claimed.

Appellant also takes exception to instruction No. 16 which deals with the weight to be given to the testimony of defendant as a witness. We find nothing erroneous with the instruction given. See State v. Young, 104 Iowa 730, 74 N.W. 693; State v. Gibson, 228 Iowa 748, 292 N.W. 786.

Finding no error, the judgment of the trial court is affirmed. —Affirmed.

All JUSTICES concur except JUSTICE MANTZ, who takes no part.