**STATE of Iowa, Appellee,**

v.

**William Robert BASH, Appellant.**

**No. 55626.**

Supreme Court of Iowa.

Jan. 16, 1974.

der Code § 708.2. He alleges trial court erred in overruling his pretrial motion in limine to suppress identification testimony of the complaining witness and in overruling his motion for new trial based on that error. We affirm the trial court.

The transcript includes the following evidence from the trial testimony of Beverly DeZorzi. In the early morning of June 20, 1971, an intruder broke into her Davenport home, entered the upstairs bedroom where she was sleeping, and assaulted her. She fought him and he fled. Concerned that he might enter the bedroom of her two daughters, Mrs. DeZorzi ran after him into the hallway, screaming and turning on lights. The intruder had trouble finding his way out of the house and she saw him very plainly in the upstairs and downstairs light.

When asked at trial if she could identify her assailant based on her observations that night she responded affirmatively and pointed out defendant. No objection was made to her in-court identification of defendant. The State offered no evidence relating to any pretrial identification of defendant. The only evidence relating to an identification procedure used prior to trial was elicited by defense counsel on cross-examination of Mrs. DeZorzi. No motion to strike her identification testimony was ever made at trial.

■ Defendant's sole complaint on appeal is that the court erred in overruling his motion in limine challenging the pretrial identification procedure and that the illegal pretrial identification procedure necessarily and inevitably tainted the in-court identification. This contention is untenable. Even where it is proven an illegal identification procedure was used prior to trial, an in-court identification is admissible if the State proves by clear and convincing evidence the in-court identification had an independent origin. State v. Houston, 209 N.W.2d 42, 44 (Iowa 1973), and

Thomas M. Kelly, Jr., Davenport, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., Edward N. Wehr, County Atty., and A. Fred Berger, Jr., Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON, and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for burglary with aggravation un-

citations; see State v. Salazar, 213 N.W.2d 490 (Iowa 1973).

■ Since defendant in this case made no objection to the in-court identification we have nothing to review. Absence of timely objection is waiver of the right to suppress evidence. State v. Boose, 202 N.W.2d 368, 369 (Iowa 1972). Nor, in any event, could reversible error be predicated on denial of the motion in limine. State v. Hinsey, 200 N.W.2d 810, 817–818 (Iowa 1972); State v. Garrett, 183 N.W.2d 652, 655 (Iowa 1971) ("It is only when the material is offered in the jury's presence that the harm or error, if any, has been done."); see State v. Salazar, supra. Here the State did not offer at trial the evidence attacked by the motion in limine.

We do not reach the issue whether trial court erred in overruling the motion in limine.

We find no reversible error.

Affirmed.