STATE of Iowa, Appellee,

v.

Dwight G. JOHNSON, Appellant.

No. 56585.

Supreme Court of Iowa.

Oct. 16, 1974.

**484**

Peter W. Burk, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and David J. Dutton, Co. Atty., for appellee.

Heard by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for conspiracy in violation of Code § 719.1. The State alleged he conspired with others to commit grand larceny of a Pay-Less self-service shoe store in Waterloo on August 1, 1972. Defendant contends trial court erred in overruling his motion in limine, in overruling his objection to certain evidence, and in overruling his two motions for mistrial based on alleged prosecutor misconduct. We reverse and remand because we believe one of the motions for mistrial should have been sustained.

Reviewed in its light most favorable to the verdict, the evidence showed defendant and two other men attempted to steal money from the cash register of a Pay-Less shoe store in Waterloo during the morning of August 1, 1972, using a technique called "tilltapping." This technique usually involves at least two perpetrators, one of whom distracts the clerk while the cash register is open during a purchase transaction long enough to permit the other to reach into the cash drawer and take money. The attempted theft was aborted in this case because the clerk was not distracted long enough. He slammed the cash drawer shut just as defendant was reaching for the money.

An accomplice, Alfred King, had distracted the clerk by dropping change on top of and behind the counter during a purchase of shoe laces. After the cash drawer was slammed shut King paid for the shoe laces and left the store with defendant. Just as the clerk was about to follow them, he saw a third man, defendant's brother James, walking slowly from the rear toward the front of the store. When the clerk was finally able to leave the store he was unable to see where the others had gone.

I. The minutes of testimony attached to the county attorney's information showed the State intended to offer evidence of a similar incident in Dubuque which allegedly occurred four days earlier. Defendant filed a motion in limine challenging the admissibility of that evidence. He alleged the evidence was not relevant because it showed only an unrelated crime. He also alleged the State could not prove defendant was involved in it. After hearing, trial court overruled the motion. The case proceeded to trial. During trial the State offered evidence of the Dubuque incident. Defendant objected to this evidence on two occasions, but trial court reserved ruling. Defendant did not request ruling at any time nor did he move to strike the testimony.

He assigns the ruling on his motion in limine as error. We recently discussed the purpose and function of a motion in limine, and distinguished it from a motion to suppress evidence, in Twyford v. Weber, 220 N.W.2d 919 (Iowa 1974). Reversible error cannot be predicated on an order overruling a motion in limine. It must be predicated on a record made during trial when the evidence is offered. Ibid; State v. Hinsey, 200 N.W.2d 810, 817 (Iowa 1972), and citations; see State v. Cage, 218 N.W.2d 582 (Iowa 1974).

Since defendant attempts to predicate error on the order overruling his motion in limine rather than a record made at trial, he has failed to present a proper issue for review in this assignment of error.

In addition, because he did not request rulings at any time on his trial objections, defendant did not make a record at trial upon which he could predicate error. An objection not ruled on in the trial court, when there has been no request for ruling, does not preserve error. State v. Schiernbeck, 203 N.W.2d 546, 547 (Iowa 1973), and citations.

For guidance of the court on retrial, since the case is being reversed on another ground, we note the State represented during the hearing on the motion in limine that defendant would be identified as one of the perpetrators of the alleged offense in Dubuque. This representation may have led trial court to overrule the motion and later reserve ruling on the objections made at trial. As it turned out, defendant was not identified as a participant in the Dubuque incident. The State's evidence showed that offense was committed by two men, only one of whom, Alfred King, was identified. In addition, there was no evidence defendant was involved in a conspiracy to commit that offense, nor did evidence of that offense itself purport to prove the conspiracy alleged in this case. See 3 Underhill's Criminal Evidence, § 862 (Fifth Ed. 1957).

The general rule is that evidence showing the commission of crimes other than one with which a defendant is charged is inadmissible. The rule is subject to well established exceptions. See State v. Wright, 191 N.W.2d 638 (Iowa 1971). In order to permit evidence of another crime under any of the exceptions to the general rule, there must be satisfactory proof that the accused was culpable in that crime. State v. Armstrong, 183 N.W.2d 205 (Iowa 1971) cert. denied 414 U.S. 857, 94 S.Ct. 163, 38 L.Ed.2d 108; see State v. Hopkins, 192 N.W.2d 747 (Iowa 1971); State v. Orozco, 190 N.W.2d 830 (Iowa 1971). No such proof was presented in this case.

We also note trial court did not follow our frequent admonition that, "Careful procedure dictates the trial court's order on

a motion in limine should prohibit disclosure of questionable evidence until the court during trial in the jury's absence has been presented an offer and objection." State v. Johnson, 183 N.W.2d 194, 197 (Iowa 1971).

II. In another assignment of error defendant contends trial court erred in admitting secondary evidence of ownership of a motor vehicle. Defendant tendered a defense of alibi, asserting he was not in Waterloo on August 1, 1972, but was with Alfred King in Des Moines and Davenport. He said he and King were using King's 1965 Pontiac automobile on that date.

In rebuttal, the State sought to show King's automobile was seen in Waterloo that afternoon at a time defendant asserted it was in Davenport. An officer was asked for the result of a motor vehicle registration check which he caused to be made of the license number of a 1965 Pontiac observed in Waterloo that date. An objection was made that his testimony giving the result of that inquiry was "not the best evidence" and was overruled. He testified the vehicle was owned by King.

■ The objection should have been sustained. The officer's testimony was not the best evidence of what the motor vehicle registration records showed. United States Homes, Inc. v. Yates, 174 N.W.2d 402 (Iowa 1970); see State v. Hoffer, 197 N.W.2d 368 (Iowa 1972). The record itself, or a duly certified copy, should have been offered. See § 622.43, The Code.

■ However, the ruling could not be reversible error. Defendant gave the license number of King's automobile during his own earlier testimony, and it was the same license number as was checked out by the officer.

■ III. Defendant also assigns as error trial court's order overruling two motions for mistrial based on asserted prosecutor misconduct. We believe one of the motions should have been sustained. It was made after a series of cross-examination questions by the prosecutor seeking to elicit testimony from the defendant relating to his activities in other places at other times.

The relevant record includes the following:

Q. Have you ever been involved in a tilltap? A. No.

Q. Did you ever get involved in one after this incident in Dubuque? A. No.

MR. BURK: Just a minute. That question is objected to for the reason it's irrelevant, incompetent, immaterial, prejudicial, certainly there is no basis in the record in this case for going into this. I object to it and ask my objection precede the answer of the witness and I ask the jury be told to disregard that.

THE COURT: Overruled.

Q. Isn't it a fact you were involved in a tilltap in Mason City on August 28, 29, 1972? A. No.

Q. Weren't you in fact convicted of that crime in Mason City?

MR. BURK: Just a minute. That is objected to, your Honor, for the reason it's irrelevant, incompetent, immaterial, has no bearing on any issue before this Court. If it's an attempt at impeachment it is improper.

THE COURT: Sustained.

MR. DUTTON: On which of those grounds? Defendant said he had never been involved in a tilltap and I am laying foundation so I can impeach.

THE COURT: For impeachment?

MR. DUTTON: Yes.

THE COURT: Would you gentlemen approach the bench?

(Off the record discussion)

When cross-examination resumed, the questions were directed to the Dubuque and Waterloo events. But then the subject of a later Mason City incident was suddenly revived:

Q. Were you in Mason City, Iowa on the 28th day of August, 1972?

MR. BURK: Just a minute. That question is objected to for the reason it's irrelevant, incompetent, immaterial to any issue before the Court. The Court previously ruled that is the case.

THE COURT: Sustained.

Additional questions were asked relating to defendant's whereabouts on August 1, 1972. He said he spent that night with his brother James and King in Davenport. He was asked where they went after that. His counsel's objection was overruled. He answered, "Through Chicago and back to St. Louis." Then the following occurred:

Q. Why did you go to Chicago?

MR. BURK: Just a minute. That is objected to for the reason it's irrelevant, incompetent, immaterial.

THE COURT: Sustained.

Q. Why did you go to Texarkana, Arkansas in August?

MR. BURK: Just a minute. Your Honor, I object to counsel attempting to throw in these outside matters that have no bearing in the record whatsoever. I have no idea where is he heading with this type of questioning. It's highly irrelevant, incompetent, immaterial and an attempt to prejudice the jury as to matters he knows are objectionable and not admissible, but seeks to ask the question and implant the thought in the jury's mind.

MR. DUTTON: I think we have some right to know where three unemployed people are going, riding around the country, why they are going there. Seems to me it's relevant to what they were doing in Dubuque and very good possibility they were in Waterloo as the evidence shows.

MR. BURK: Your Honor, a man has a right to go wherever he wants to in the country.

MR. DUTTON: If they have nothing to hide we ought to find out about it.

THE COURT: The objection is sustained because its' irrelevant to any issue in this case.

One of defendant's motions for mistrial was predicated on the county attorney's alleged effort to suggest by this line of inquiry that unless the defendant answered his questions about his activities in other places at other times, the jury would have a right to infer he was committing crimes on those occasions. The county attorney asked four questions of that nature. Objections were sustained in each instance. In the first three instances the rulings failed to halt the line of inquiry. In the fourth instance the objection provoked intemperate remarks in the presence of the jury. These remarks were in disregard of the court's rulings, were without substance, and were calculated to deny defendant his constitutionally assured presumption of innocence.

The subject of evidence of other crimes was fully explored in the hearing on the motion in limine. The prosecutor manifested an understanding of the principles involved. Even an overruled motion in limine serves as a "red flag" which precludes counsel from engaging in trial conduct which goes beyond principles made clear in the motion proceeding. State v. Jensen, 216 N.W.2d 369 (Iowa 1974). "The motion has the effect of advising the court and opposing counsel of the party's position on a particular matter and should effectively remove the problem when the argument is advanced by the offending party that the prejudicial evidence came in by sheer inadvertence." Twyford v. Weber, supra, 220 N.W.2d at 923. The motion in limine in this case effectively removes the right of the State to defend the county attorney's interrogation as inadvertent.

Nor are we impressed with the State's argument that the court's rulings were unrelated because the questions referred to different cities. As the objections and rulings made clear, the vice was in the line of inquiry, not the geography involved.

It is central to our system of jurisprudence that a defendant must be convicted only if it is proved he committed the offense charged and not because he is a bad man. State v. Wright, 203 N.W.2d 247, 250 (Iowa 1972). A defendant is denied procedural fairness when the prosecutor persistently attempts to secure his conviction on the basis of innuendo and insinuation having no basis in evidence. In this case the county attorney's zeal exceeded his judgment.

We have defined the limits of trial court discretion in overruling a motion for mistrial in this area. State v. Vickroy, 205 N.W.2d 748 (Iowa 1973); State v. Wright, supra; State v. Levy, 160 N.W.2d 460 (Iowa 1968), and citations. Those limits were exceeded here. We hold the county attorney's persistent interrogation and remarks implying defendant was engaged in other criminal activity, in the face of repeated adverse trial court rulings, deprived defendant of a fair trial. The motion for mistrial should have been sustained. He is entitled to a new trial.

Reversed and remanded.