**STATE of Iowa, Appellee,**

v.

**David Keith FEDDERSEN, Appellant.**

No. 47478.

Supreme Court of Iowa.

June 25, 1975.

Francis W. Henkels and James L. Dahlquist, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., Robert Curnan, County Atty., and Thomas Schrup, Asst. County Atty., for appellee.

RAWLINGS, Justice.

Appeal by defendant, David Keith Feddersen, from judgment on jury verdict finding him guilty of rape. We affirm.

This is the record upon which the aforesaid guilty verdict was returned.

Frieda Heim, prosecutrix, testified she formerly resided at 1357 Main Street in Dubuque. The evening of May 11, 1974, while watching television, she apparently fell asleep and about 2:00 a. m. was awakened by the sound of her apartment door being opened. A man, later identified as defendant, entered the residence, approached the couch on which she was lying and raped her. Mrs. Heim later escaped. Clad only in a blouse, she ran out the front door, down the steps and into the street. Defendant allegedly followed her. Mrs. Heim ran south on Main Avenue to 13th Street, then east to the intersection of 13th

and Central Avenue where the Dubuque Police Station is located. Several officers emerged from the station upon hearing Mrs. Heim screaming for help. Defendant, at this time proceeding west on 13th Street, was pointed out by Mrs. Heim as her assailant.

Defendant testified he had been drinking since about 11:00 p. m. in the Plaza Bar located at the intersection of 11th Street and Central Avenue. Shortly after 2:00 a. m. he left the bar and proceeded up 11th Street. At the intersection of 11th and Iowa he turned north, traveling on the west side of Iowa. While in the 1200 block defendant testified he heard a scream, then saw Mrs. Heim running east at the intersection of 13th and Iowa. Due to building obstructions, defendant stated he could no longer see Mrs. Heim after she passed through the intersection. When defendant reached 13th Street he proceeded west and was later arrested.

A defense-called witness testimonially stated he was sitting in the Cavalier Tavern, situated at the corner of 13th and Main, and had observed a man several inches taller than defendant running a half block behind Frieda Heim on Iowa Street. This unidentified man was never apprehended by the police.

Prior to trial defendant filed what is denominated a "Motion in Limine to Suppress Eyewitness Identification" testimony by prosecutrix on the asserted basis of a suggestive "station house" confrontation. This motion was overruled and the foundational objection thereof was not renewed in course of trial.

After presentation of the State's evidence, and again at close of trial, defendant ineffectively moved for a directed verdict upon alleged insufficiency of testimony corroborating Mrs. Heim's identification of defendant as her assailant.

By prejudgment motion Feddersen unsuccessfully requested he be granted a new trial for these asserted reasons: (1) the

erroneous overruling of his motion seeking to suppress Mrs. Heim's identification testimony; (2) misconduct on the part of a juror in visiting the scene of defendant's alleged chase of prosecutrix after commission of the charged offense; (3) error in failing to submit two defense requested instructions; (4) overruling of a new trial motion premised upon newly discovered evidence.

I. As previously noted, defendant filed a pretrial "Motion in Limine to Suppress Eyewitness Identification" by prosecutrix of defendant as the involved offender. At the outset some uncertainty attends the above captioned motion.

In State v. Johnson, 222 N.W.2d 483, 485 (Iowa 1974), this court observed, motions in limine and to suppress evidence are distinguishable. Cited in *Johnson* is Twyford v. Weber, 220 N.W.2d 919, 922–923 (Iowa 1974), where we said, in part:

"The function of a motion in limine is not only to exclude during the voir dire examination and opening statements, reference to anticipated evidence claimed to be objectionable because incompetent, irrelevant, immaterial or privileged but to also restrict opposing counsel in asking questions or making statements in offering such matters until the admissibility of the questionable evidence can be determined during the course of the trial by presenting to the court in the absence of the jury such evidence by offer and objection."

See also State v. Liesche, 228 N.W.2d 44, 46 (Iowa 1975).

■ In the instant case, however, it is to us evident defendant, by his aforesaid pretrial motion, presented a question regarding admissibility of evidence which would and did eliminate the need for an in-course-of-trial-ruling thereon. In other words, it was more akin to a suppression motion than one in limine and is so entertained. See State v. Guess, 223 N.W.2d 214, 216 (Iowa 1974); State v. Johnson, *supra.* See generally United States v. Cranson, 453 F.2d 123, 125–126 (4th Cir. 1971), cert. denied, 406

U.S. 909, 92 S.Ct. 1607, 31 L.Ed.2d 821 (1972); United States v. Ranciglio, 429 F.2d 228, 230 (8th Cir. 1970), cert. denied, 400 U.S. 959, 91 S.Ct. 358, 27 L.Ed.2d 268 (1970); McRae v. United States, 137 U.S. App.D.C. 80, 420 F.2d 1283, 1287–1289 (1969); McCormick on Evidence, ch. 15 at 364, et seq. (2d ed. 1972).

■ We therefore conclude the adverse ruling on defendant's motion to suppress, though interlocutory in form and effect, still sufficed to preserve error for appellate review despite absence of a renewed trial objection. See Carroll v. United States, 354 U.S. 394, 404, 77 S.Ct. 1332, 1339, 1 L.Ed.2d 1442 (1957); State v. Boer, 224 N.W.2d 217, 219 (Iowa 1974); State v. Untiedt, 224 N.W.2d 1, 2–3 (Iowa 1974).

II. At this point we look again to the record.

■ The morning after Feddersen's arrest Mrs. Heim went to the police station for the purpose of making an incident-related statement. She was there directed by a desk sergeant to wait in a consultation room. Upon entering those quarters prosecutrix momentarily observed defendant, in prison garb, then conversing with police officers. Defendant contends this confrontation was "unnecessarily suggestive, prone to cause irrevocable harm and beyond the normal method used as proper police proceedings".

At the threshold it must be conceded the stamp of approval cannot be placed upon any such "station house" confrontation. But that is not alone determinative.

Mrs. Heim testified she had opportunity to clearly observe defendant for at least five minutes in a well lighted room after his aforesaid entry into her apartment. Subsequent to the assault prosecutrix ran into the street, followed by Feddersen, who fell during the chase, and she was again able to see her assailant. A short time later, when police apprehended defendant, Mrs. Heim again saw Feddersen in a "fairly well lit area" and identified him as her pursuer.

There followed this colloquy between Mr. Schrup (Assistant County Attorney), Mrs. Heim (witness) and attendant objection by Mr. Henkels (defense counsel):

"Q. Is that man present in the Court-room today? A. Right.

"MR. HENKELS: Your Honor, I am going to object at this point because there is no showing that this is an independent recollection, or that there has been subsequent identification of the person that she's going to identify.

"THE COURT: Overruled. You may answer.

"Q. Would you repeat the question? (Whereupon the previous question was read back by the Reporter.) A. Yes.

"Q. And could you indicate which person he is? A. He's the Defendant, sitting right there.

"MR. SCHRUP: Let the record show that the witness has indicated the Defendant, David Keith Feddersen."

No useful purpose will be served by a lengthy discussion as to timeliness of the above stated objection by defense counsel. As aforesaid error, if any, as to ultimate in-court identification was preserved by defendant's pretrial suppression motion.

So the question now posed is whether the above mentioned in-court identification by prosecutrix was shown by the State to be purged of any taint arising from the previously described "station house" incident. See United States v. Wade, 388 U.S. 218, 241, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967).

Our review of relevant circumstances, in totality, leads us to conclude the in-court identification of defendant by Mrs. Heim was adequately shown to have been of independent origin uninfluenced by the station house confrontation. See Neil v. Biggers, 409 U.S. 188, 198–199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); United States v. Ranciglio, *supra*; State v. Bash, 214 N.W.2d 219, 220–221 (Iowa 1974); State v. Houston, 209 N.W.2d 42, 44 (Iowa 1973); State v.

Houston, 206 N.W.2d 687, 691–692 (Iowa 1973). Stated otherwise, there is no plausible basis upon which to hold the police station encounter was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. See Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); Williamson v. State, 201 N.W.2d 490, 491 (Iowa 1972).

Defendant's first assigned error is without merit.

III. Next considered is Feddersen's contention regarding alleged misconduct by a member of the jury, Robert Fisch.

Jury deliberations commenced at 5:00 p. m., June 6, 1974. About 10:40 trial court recessed the jury overnight. Mr. Fisch thereupon went home. He and his wife then proceeded by automobile to the streets where the alleged chase and arrest of defendant occurred. By affidavit Mr. Fisch stated he:

" * * * proceeded south on Main Street, 13th Street to Central, Central to 11th Street, 11th Street to Iowa Street, then north on Iowa Street to 14th Street and from there to my home; that I observed the illumination and lighting in the area; that I observed the Plaza and the exit stoop as we proceeded by; that I observed the Medical Associates parking lot; and the view north on Iowa Street toward 13th Street as to openness or visibility of the area."

This self-motivated excursion was inadvertently discovered by one of defendant's attorneys, James L. Dahlquist. The latter's affidavit stated Fisch had told him:

"[H]e went out there to look at the lighting and to see if the Defendant could have seen Mrs. Heim from quite a ways on Iowa before reaching 13th Street; that Mr. Fisch stated that the area is open and that the Defendant could have seen her; * * *."

By way of exclusion it must be noted hearsay affidavits given by defense

counsel do not suffice to support a claim of jury misconduct. See State v. Woodmansee, 212 Iowa 596, 618, 233 N.W. 725 (1930); State v. Nott, 168 Iowa 617, 622, 149 N.W. 79 (1914).

On the other hand, the State does not attack attorney Dahlquist's affidavit on this basis and we therefore consider it in reviewing the instant contention. See Skinner v. Cron, 206 Iowa 338, 342–344, 220 N.W. 341 (1927).

■ This court has repeatedly held, the grant of a new trial for jury misconduct is not justified unless it be made to appear the misconduct was calculated to and probably did influence the verdict. See State v. Houston, 209 N.W.2d at 45; State v. Little, 164 N.W.2d 81, 82–83 (Iowa 1969).

Furthermore, we have said a trial court has broad discretion in determining whether claimed misconduct on the part of a juror justifies a new trial. See State v. White, 223 N.W.2d 173, 177 (Iowa 1974); State v. Jackson, 195 N.W.2d 687, 690 (Iowa 1972).

■ Mindful of the foregoing, we find nothing in the record disclosing Mr. Fisch's findings or observations were conveyed to any other jurors. Moreover, this juror's excursion-related conclusions may have aided rather than detracted from defendant's testimony to the effect he saw Mrs. Heim cross the intersection at 13th and Iowa from the 1200 block. There was here no abuse of discretion by trial court.

The instant assignment does not justify a second trial.

IV. As above noted, defendant further contends the overruling of his new trial motion, based upon trial court's failure to submit defense requested instructions, constitutes reversible error.

At the close of all evidence defendant's attorneys were granted leave to withhold objections to final instructions and assert same by post-trial motion. But, in relevant part, defendant's new trial motion voiced objection, for the first time, regarding trial court's failure to give defense requested

instructions, exhibits C and D. They had apparently been filed before the jury was charged.

Exhibit C is Uniform Jury Instruction 524.4. It states, in essence, rape is easy to charge and difficult to disprove. Exhibit D declares, in substance, neither testimony of the prosecutrix nor that of witnesses to whom she allegedly made assertions identifying defendant as her assailant, would suffice to corroborate Mrs. Heim's identification testimony. It is at this point parenthetically observed Section 782.4, The Code 1973, was so amended by the 1974 Session, Sixty-Fifth General Assembly, Senate File 1009, Section 2, as to eliminate the requirement of corroborative evidence in the prosecution of one charged with rape. But this amendment is instantly inapplicable. See State v. Taylor, 222 N.W.2d 439, 441 (Iowa 1974).

■ (A.) With regard to requested instruction, Exhibit C, *supra*, this Court has heretofore held an instruction to the effect that rape is easy to charge and difficult to disprove may be given where appropriate but no error attends a refusal to give it. See State v. Griffith, 241 Iowa 1328, 1329, 45 N.W.2d 155 (1950).

Now, however, we specifically disapprove the giving of such an instruction.

This instruction had its genesis in a statement written about 300 years ago by Sir Matthew Hale, Lord Chief Justice of the King's Bench from 1671 until his death five years later. His full statement was as follows:

> " 'It is true, rape is a most detestable crime, and therefore ought severely and impartially to be punished with death; but it must be remembered that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent.' " 130 A.L.R. 1489.

The requested instruction in this case, based upon the uniform instruction 524.4, was as follows:

"The charge of rape against a person is easy to make, difficult to prove, and more difficult to disprove. This charge is a serious one, and if established by the proof beyond a reasonable doubt, should not go unpunished. On the other hand, the charge is of such a serious character and nature as that the proof offered to establish its commission should have careful consideration.

"You will, therefore, carefully consider and weigh all of the evidence offered and submitted to you upon the trial, and all of the facts and circumstances disclosed by the proof, together with all reasonable and ordinary deductions and inferences to be drawn therefrom which may throw light on the question of whether or not the defendant is guilty of the crime of rape."

There are at least four vices in the first paragraph of that instruction. First, it constitutes a comment on the evidence. Second, it applies a stricter test of credibility to the rape victim than to other witnesses in the trial. Third, it applies a stricter test of credibility to rape victims than to victims of other crimes. Fourth, trial courts have been accorded an indiscriminate right to give or refuse to give the instruction absent any guidelines for so doing.

■ (1.) It constitutes a comment on the evidence because it suggests the rape victim's testimony is more likely to be false than that of other witnesses. It is not a statement of law but an argument based upon the nature of the charge. The argument may or may not have validity in a given case. It is a subject for jury exhortation by the defendant's lawyer but not a postulate for instruction by the court. Black v. State, 119 Ga. 746, 47 S.E. 370 (1904). The proper practice is to give a general credibility instruction, as the court did here, applicable to all witnesses alike. State v. Milliken, 204 N.W.2d 594, 596–597 (Iowa 1973).

(2.) The instruction also applies a stricter test of credibility to the rape victim than to other witnesses in the trial. We believe it is wrong to do this just as it is wrong to apply a stricter test of credibility to the defendant than to other witnesses. Our condemnation of the latter practice in State v. Bester, 167 N.W.2d 705 (Iowa 1969), was based upon the principle that the court should not single out any witness and burden his testimony with any suggestion which might indicate to the jury that the court believed the witness was likely to testify falsely. This principle also mandates disapproval of the Lord Hale instruction. Taylor v. State, 257 Ind. 664, 278 N.E.2d 273 (1972).

(3.) The instruction further arbitrarily singles out rape victims as a class whose credibility is suspect. In eliminating the requirement of corroboration of a rape victim's testimony, the legislature rejected this concept as a discredited anachronism. We now do likewise. Doyle v. State, 39 Fla. 155, 22 So. 272 (1897).

(4.) This court has heretofore taken an equivocal stand on the instruction. Although it has not been disapproved, reversible error was not found when refused. It has been damned with rather faint praise. See State v. Griffith, supra. Such an irresolute attitude erroneously gave trial courts absolute discretion to give or not give the instruction. No direction was provided. Whatever the evidence in a given case, the judge could do as he elected regarding the instruction. As demonstrated above it is not only superfluous but pernicious.

Defendant's contention regarding exhibit C affords him no basis for appellate relief.

(B.) Turning now to exhibit D, *supra*, trial court, by instruction 17, advised the jury:

"[I]n a prosecution for rape, * * * the Defendant cannot be convicted upon the testimony of the party injured unless she be corroborated by evidence other than her own testimony tending to connect the Defendant with the commission of the offense.

" * * * *

" * * * There must be testimony in the case outside of the evidence of Frieda Heim which tends to single out and point out the Defendant as the perpetrator of the crime and which, considered in connection with her testimony connects the Defendant with the * * * offense.

"It is for the jury to determine whether the testimony of Frieda Heim has been corroborated by other evidence * *."

Defendant apparently concedes this instruction is correct, but argues it failed to tell the jury the testimony of independent witnesses to whom prosecutrix made assertions identifying defendant as her assailant did not constitute corroborative evidence. It is thereupon urged defendant's requested instruction, exhibit D, would have clarified instruction 17, as given.

■ Without question defendant had the permissive right to withhold objections *to instructions given* and voice same by an appropriate post-verdict motion. See State v. Youngbear, 202 N.W.2d 70, 71 (Iowa 1972); Code § 787.3(5). The aforesaid privilege may, of course, be waived. See State v. Jackson, 223 N.W.2d 229, 231–232 (Iowa 1974). See also State v. Blyth, 226 N.W.2d 250, 273 (Iowa 1975); State v. Brown, 172 N.W.2d 152, 157–160 (Iowa 1969).

Here, however, defendant controverts trial court's failure to give his requested instruction, exhibit D, even though he voiced no exception thereto before the jury was charged. On this point we said in State v. Blyth, *supra:*

"A party may not rely on a mere refusal to give requested instructions. Rule 196, R.C.P., is just as definite in requiring objections to the refusal of requested instructions to specify the grounds thereof as is required of objections to instructions actually given. The rule requires, in order to predicate error for review upon the trial court's refusal to give requested instructions, proper exceptions must be preserved by the party timely specifying the part of the instruction requested and refused and the particular point or points of law or questions of fact in dispute which the court supposedly erred by omission to instruct."

See also State v. Cooley, 229 N.W.2d 755 (Iowa 1975); State v. Hall, 214 N.W.2d 205, 210 (Iowa 1974); State v. Hraha, 193 N.W.2d 484, 486 (Iowa 1972); State v. Gilmore, 181 N.W.2d 145, 147 (Iowa 1970).

In light of defendant's failure to interpose timely exception regarding trial court's failure to give requested instruction, exhibit D, the instantly assigned error is not accorded appellate review.

It therefore follows defendant's complaint, stemming from trial court's failure to give requested instructions, exhibits C and D, affords him no basis for a reversal.

V. Feddersen's final contention is to the effect he was entitled to a second trial by virtue of newly discovered evidence.

After return of the guilty verdict defense counsel discovered two individuals who purportedly observed both Mrs. Heim's race for the police station and defendant's ultimate apprehension. Trial court was first alerted to such alleged new evidence by defense counsel's affidavits relating statements made to them by two recently found witnesses. The new trial motion, predicated thereon was denied because the affidavits contained only hearsay by defendant's attorneys and the statements thus made were merely cumulative of trial testimony.

As a result of this ruling defense counsel, in an apparent attempt to correct the hearsay defect, filed a "Renewed Motion for New Trial". Attached thereto was the affidavit of one newly found witness. It is apparent, however, trial court never ruled on this "renewed motion".

■ Since defense counsel's affidavits recited hearsay, they were insufficient to support a new trial motion and trial court correctly so held. See State v. Woodmansee, 212 Iowa at 618, 233 N.W. 725; State v. Tyler, 122 Iowa 125, 132, 97 N.W. 983 (1904).

Furthermore, in view of defendant's failure to request a ruling on his "renewed motion" any such attempt to supplement the first new trial motion was futile. See State v. Schiernbeck, 203 N.W.2d 546, 547 (Iowa 1973); State v. Hackett, 197 N.W.2d 569, 572 (Iowa 1972); State v. Cunha, 193 N.W.2d 106, 111 (Iowa 1971).

Defendant's instant contention entitled him to no appellate relief.

VI. Our review of the record leads to the conclusion defendant was accorded a fair trial and he is not entitled to a reversal on this appeal.

Affirmed.