# IN THE COURT OF APPEALS OF IOWA

No. 23-1832
Filed February 5, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DENNIS PAUL THOMPSON II,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Osceola County, Carl J. Petersen,
Judge.

A defendant appeals his convictions for sexual abuse, assault with intent to
commit sexual abuse causing bodily injury, and indecent exposure. **AFFIRMED**.

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,
Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee.

Considered by Greer, P.J., and Buller and Langholz, JJ.

**GREER, Presiding Judge.**

Dennis Thompson II appeals his convictions involving three counts: (1) sexual abuse in the second degree, (2) assault with intent to commit sexual abuse causing bodily injury, and (3) indecent exposure. Raising two challenges, Thompson first argues the court erred in allowing the State to amend the trial information to extend the time frame over which the crime occurred after the presentation of the State's case-in-chief. He also contends that the child complainant's testimony was insufficient to support his convictions. After our review, we find the district court did not err in granting an amendment to conform the dates within the trial information to the testimony at trial and the child's uncorroborated testimony was sufficient to support Thompson's convictions.

**I. Background Facts and Proceedings.**

Initially, Thompson was charged with six criminal counts[1] for his conduct against L.D., an eleven-year-old child. In short, L.D. alleged Thompson dismissed two other children in the home, grabbed her, dragged her to his bedroom, undressed her, and perpetrated forcible sex acts against her. Although this was purported to take place in the fall of 2022, and L.D. first reported the criminal conduct to her father in March of 2023.

---

[1] Under the initial trial information, Thompson was charged with count I, sexual abuse in the second degree (involving a child), a class "B" felony; count II, lascivious acts with a child a class "C" felony; count III, assault with intent to commit sexual abuse causing bodily injury, a class "D" felony; count IV, indecent contact with a child, an aggravated misdemeanor; count V, harassment in the second degree, an aggravated misdemeanor; and count VI, indecent exposure, a serious misdemeanor.

In the minutes of testimony, it was reported that L.D. disclosed the criminal conduct occurred "around Halloween," thus, the trial information reflected "on or about October 31, 2022" as the date of the offense. On September 5, 2023, at pre-trial conference, the State moved to amend the trial information, expanding the date range to "on or about mid-September 2022 to the month of October 2022." Thompson did not object. Then, on the second day of trial, September 13, 2023, during the State's presentation of its case-in-chief, the State moved to amend the trial information to "on or about *mid-August* to the month of October 2022" to better reflect L.D.'s testimony. Thompson objected to this second motion to amend. At the same time, Thompson moved for judgment of acquittal.[2] The district court heard arguments on both motions. Pertaining to the motion to amend the trial information, Thompson resisted, arguing:

> This substantially deprives the defendant of any opportunity to present his defense, and it is inconsistent with the statement given by the alleged victim in this case, [L.D.] . . . that this event occurred on October 4. So for—to have her come out now and simply speculate on a different date deprives this defendant of his right to adequately prepare for trial. So we resist the defendant's motion to amend this trial information . . . .

The court ultimately granted the second motion to amend the trial information, concluding:

> Based upon the argument today and the Court's observation of the testimony, the Court will grant the motion to amend the trial information finding that it meets the evidence presented. It should be liberally provided, and it doesn't, in the Court's view, change the defendant's trial strategy or tactics; and, in fact, that amendment is consistent with her testimony, which, again, brings into question her credibility, which the defendant is able to attack in the cross-examination and further testimony.

---

[2] The court took up the motion before the State's final witness testified at the agreement of the parties.

After allowing the amendment, the district court addressed Thompson's motion for judgment of acquittal and found L.D.'s testimony did not provide "competent evidence" to support counts IV (indecent contact with a child) and V (harassment), promptly dismissing those two counts but determining there was sufficient evidence to proceed with the other counts.

Trial proceeded, and Thompson presented his defense. After presentation of all the evidence, Thompson renewed his motion for judgment of acquittal. The district court denied the motion as to counts I, III, and VI but reserved ruling on count II. After deliberation, the jury returned a verdict, finding Thompson guilty on all four counts. Within a month of the jury's verdict, the district court issued a final ruling as to count II, stating "the evidence does not support the jury's verdict as to Count [II] Lascivious Acts with a Child and Count [II] is therefore dismissed."

Turning to the sentencing, the court imposed carceral sentences of twenty-five years on count I, sexual abuse in the second degree; five years on count III, assault with intent to commit sexual abuse causing bodily injury; and one year on count VI, indecent exposure. All sentences were to be served concurrently. Thompson appeals.

## II. Standard of Review.

"Whether an amendment [to the trial information] charges a wholly new and different offense or prejudices the substantial rights of the defendant are questions of law, and our review is for the correction of legal error." *State v. Vandermark*, 965 N.W.2d 888, 891 (Iowa 2021).

As to Thompson's second argument, we review challenges to the sufficiency of evidence for errors at law. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

## III. Discussion.

Thompson contends the district court erred when it allowed an amendment to the trial information during trial, near the conclusion of the State's case-in-chief. Additionally, he argues L.D.'s statements were insufficient to support his conviction and asks this court to revisit the well-settled non-corroboration instruction.

### A. Amendment to Trial Information

Because Thompson asserted an alibi defense, he contends the district court's grant of the State's late motion to amend the trial information during the second day of trial prejudiced his substantial rights. *See Vandermark,* 965 N.W.2d at 890. Thompson did not object to the State's first motion to amend (during the pre-trial conference on September 5), and his appeal focuses on the State's mid-trial second motion to amend, which allowed the State to extend the date of the offense from mid-August until the month of October 2022.[3] Thompson points to the inability to pivot during trial and adequately prepare for the presentation of his alibi.

---

[3] The first trial information alleged the criminal acts occurred "on or about October 31, 2022." The first amended trial information—which was unchallenged—extended the dates from "on or about mid-September 2022 to the month of October 2022." And then, the court approved the mid-trial amendment, which extended the dates even further—from mid-August 2022 to the month of October 2022.

We note that after the court granted the State's oral motion to amend, the State never actually filed the amended trial information that reflected the change. But the expanded timeframe change was included in the jury instructions and no one objected to those particular instructions.

An amendment to the trial information "is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged." Iowa R. Crim. P. 2.4(6)(c) (Supp. 2023); *see also State v. Noehl*, No. 23-1278, 2024 WL 5153072, at *5–6 (Iowa Ct. App. Dec. 18, 2024) (partially addressing objection to the amended trial information to change dates of the offense by considering whether defendant was prejudiced). Thompson's challenge relates to the prejudice prong of this rule. "An amendment prejudices the substantial rights of the defendant if it creates such surprise that the defendant would have to change trial strategy to meet the charge in the amended information." *State v. Maghee*, 573 N.W.2d 1, 6 (Iowa 1997). Courts look to whether "the defendant had notice of facts that would support the amendment, whether the defendant was prepared to defend against the charge as amended or sought a continuance, and whether the amendment would change the defense strategy." *Vandermark*, 965 N.W.2d at 893 n.2. And because the "traditionally appropriate remedy for a defendant's claim of surprise" is a continuance, we note that here, Thompson proceeded with his defense, which included not only his alibi but an attack on the credibility of the child complainant without seeking a continuance from the court. *Maghee*, 573 N.W.2d at 6.

To emphasize the prejudicial impact of the trial information amendment, Thompson argues that our decisions have recognized that amending the trial information may cause prejudice to the defendant when the defendant relies on an alibi defense. *See State v. McCully*, No. 01-0256, 2002 WL 987834, at *3 (Iowa Ct. App. May 15, 2002) (finding no prejudice where the defendant argued that the amendment "required his defense to cover a longer period time period" because

"[the defendant] did not assert an alibi or similar defense which depended on proof that he could not have committed the alleged assaults on specific dates or within a specific period of time").

But there is more to this analysis than simply arguing the alibi defense is impacted. Because "dates fixed in the indictment for the commission of a crime are not material," courts generally allow an amendment to conform to the proof. *Noehl*, 2024 WL 5153072, at *6 (citation omitted). And here, Thompson's alibi defense was not completely precluded by expanding the date range of the trial information at trial. First, Thompson knew that the date of the incident was a moving target even before trial because the trial information provided a range of possible dates. His first notice of his alibi defense—filed in July 2023—stated, "At the time of the alleged occurrence that is the subject of charges in this case, [Thompson] was in Sioux Falls, South Dakota, on October 31, 2023 [sic]." The next day that notice was amended to be more general, noting that "[*a*]*t the time of the alleged occurrence,*" Thompson was in Sioux Falls, South Dakota, "*at all times relevant hereto.*" (Emphasis added.) On September 5, during the pre-trial conference, the State moved to amend the trial information, as "the date range of mid-September—on or about mid-September to the month of October 2022 appear[ed] to be a more appropriate date range for the offenses alleged than originally filed and charged." The court gave Thompson an opportunity to object, but instead, defense counsel stated, "Judge, we do not resist the amendment." Second, at trial, when the date range was expanded once more, to include mid-August to mid-September, although Thompson did object, claiming the amendment "substantially deprive[d] the defendant of any opportunity to present

his defense," he did not ask for a continuance and instead, proceeded with the trial.

Finally, although the amendment changed the potential date of the incident to be earlier than Thompson anticipated, it did not change how he attacked the allegations. Even before the second amendment was granted, Thompson's alibi did not cover the full time frame of the offense as alleged in the first amended trial information. At that time, the trial information reflected the crime occurred between mid-September through the month of October. On its face, Thompson's alleged alibi was incomplete, as approximately two weeks between "mid-September" and September 27, 2022, were not accounted for under the alibi evidence presented.[4] During opening statements, counsel stated, "What the testimony will show is that Mr. Thompson and his two children . . . lived here . . . until September 27 when the two children moved over with their . . . grandmother" in a different town. By expanding the date range in the trial information, the State did not circumvent an otherwise viable alibi; Thompson's alibi was incomplete going into trial.

We evaluate the circumstances surrounding the amendment, including whether the allegedly aggrieved party requested a continuance or changed trial strategy, to assess whether a party's substantial rights were prejudiced by amending the trial information. *Vandermark,* 965 N.W.2d at 893 n.2. Near the conclusion of the State's case-in-chief, at the time the court heard arguments on whether to amend the trial information, Thompson alleged the amendment

---

[4] We note that during his testimony, Thompson alleged his alibi started on September 20, 2022—after the trial information had changed a second time. The only piece of corroborated evidence of his move, the basis for his alibi, was the day his children enrolled in a new school district, on September 27, 2022.

"deprives [him] of his right to adequately prepare for trial." He went no further. Thompson's defense centered on the ever-changing date of the offense and that it changed only after he presented proof of his alibi for the first date identified. In the opening arguments, Thompson laid out his prospective trial strategy, focusing on L.D.'s inability to remember the date of the alleged criminal conduct, telling the jury, "So now they've changed their story, and the testimony will so be, that it happened sometime last fall. So they've already backed off the case from October 31 to October 4 to now it is some time in September." His strategy did not change at closing argument, the core theme remained the same. Thompson centered his case on challenging the credibility of the child complainant:

> So he comes over, and we meet with Dennis Thompson, and Dennis says I was at Halloween. So we schedule a chance to meet with the young girl, and she says, well, maybe it wasn't Halloween. Well, okay. When was it? Well, it was October 4. And how do we know that? Because that was the day my cast was removed. I remember that clearly. Well, the problem with that, folks, is what we already know. The kids weren't in school here on October 4. The kids went to [school] on September 27. They weren't here.
> . . . .
> So what happens here right in front of you, the young girl [L.D.] backs up and says, well, maybe it wasn't Halloween, maybe it wasn't October 4. Maybe it was mid-September. Could it have been a different date? Yeah. It might have been August.
> So, now, think of where we are. We have a young girl, 11 years old, with behavioral problems who's known to not be truthful, and we don't have a shred, not a shred of other evidence to support the charge.

The district court considered what effect, if any, amending the date in the trial information would have on Thompson's arguments before allowing the amendment. When addressing the parties before giving a final ruling on the motion to amend, the district court articulated "[the amendment] doesn't, in the Court's view, change the defendant's trial strategy or tactics; and, in fact, that amendment

is consistent with her testimony, which, again, brings into question her credibility." And we note that Thompson did not request a continuance, an avenue to avoid prejudice and allow an allegedly aggrieved party additional time to prepare a new defense. At the motion for a new trial stage, he was silent on the issue, neglecting to raise the prejudicial impact of granting the late amendment.

We find Thompson was not prejudiced by the amendment to the trial information to conform with the testimony after most of the presentation of the State's case-in-chief; his alibi was incomplete when trial began, Thompson did not request a continuance, and the record does not reflect he materially altered his trial strategy as a result of the amendment. The district court did not err in granting the mid-trial motion to amend the trial information.

## B. Sufficiency of the Evidence

Following the record made with the trial court, Thompson argues on appeal the evidence is insufficient "in every manner" because the child complainant's testimony was uncorroborated. He encourages this court to revisit the rule that uncorroborated victim's testimony is sufficient to sustain a conviction. The State posits that Thompson sings an outdated theme that "rape victims" are a "class whose credibility is suspect." *State v. Feddersen*, 230 N.W.2d 510, 515 (Iowa 1975). We decline to accept that theme or change our rule related to corroboration in cases like this one. *See State v. Beck,* 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent."). Instead, resting on established tenets of law, we conclude that uncorroborated testimony from a child victim is sufficient to sustain a guilty verdict. *See State v. Kraai*, 969 N.W.2d 487, 491 (Iowa 2022); *cf.* Iowa Code § 709.6 (2022) ("No instruction shall

be given in a trial for sexual abuse cautioning the jury to use a different standard relating to a victim's testimony than that of any other witness to that offense or any other offense."). Here, the detailed testimony of L.D., by itself, is sufficient evidence to sustain Thompson's guilty verdicts. *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998).

## IV. Conclusion.

We affirm the decision of the district court and Thompson's conviction.

**AFFIRMED.**