State of Iowa, Appellee, v. Robert Christofferson, Appellant.

No. 41361.

April 4, 1933.

John J. Hess, for appellant.

Edward L. O'Connor, Atty. Gen., and Walter F. Maley, Asst. Atty. Gen., and Bert L. Dickason, for appellee.

Evans, J.—The defendant and one Rolan were jointly indicted and separately tried with the same result in each case. Each has appealed to this court. Their appeals have been submitted upon the same brief. We confine our present opinion to a consideration of the appeal of Christofferson.

The alleged offense was committed at about 11:00 a. m. May 15, 1931. It so happened that it was done under the observation of

unsuspected witnesses. The legal sufficiency of the evidence to sustain the conviction is unassailable so far as the weight thereof is concerned. The primary complaint of the appellant is that the indictment was insufficient to sustain any conviction thereunder. The conundrum propounded by the appellant is: Did the indictment purport to charge an offense under the provisions of section 13001 or under section 13004? These sections are as follows:

"13001. If any person, with intent to commit any public offense, * * * break and enter any office, shop, store, warehouse, railroad car, boat, or vessel, or any building in which any goods, merchandise, or valuable things are kept for *use, sale, or deposit,* he shall be imprisoned in the penitentiary not more than ten years."

"13004. If any person unlawfully break and enter any freight or express car which is sealed or locked, in which any goods, merchandise, or valuable things are kept for *use, deposit, or transportation,* he shall be imprisoned in the penitentiary not more than five years."

The indictment charges that the defendants "on or about the 15th day of May, A. D., 1931, in the said county of Pottawattamie and State of Iowa, and west of the west line of Range 40, therein, with the intent to commit a public offense, to wit, larceny, therein, did wilfully, unlawfully and feloniously, break and enter a certain railroad car, to wit, C & S car No. 14358, said railroad car being then and there the property of and in the use, possession and control of the Illinois Central System, a corporation, and said railroad car being then and there a place in which goods, merchandise and other valuable things were kept for *use, deposit and transportation.*"

It will be noted that the two statutory sections above quoted overlap to some extent in their definition of the respective offenses as criminal statutes often do. It will be noted also that the two sections provide for different degrees of punishment. As applied to a railroad car, the distinction between the two statutes consists of the *purpose* respectively for which the subject of an intended larceny may be "kept". Under section 13001 it is "kept for use, sale, or deposit". Under section 13004 it is "kept for use, deposit, or transportation". It will be noted that the indictment incorporated the literal terms of section 13001 and added thereto the words "and transportation". The argument for the appellant is that these words

"and transportation" were drawn from section 13004. It is urged therefore that the indictment was an attempt to stand upon both sections; and of necessity it thereby failed to rest upon either. The question presented to us is: Does the use of the word "transportation" necessarily vitiate the indictment by rendering it inapplicable to section 13001? The words "use" and "deposit" are common to both sections. Did the word "transportation" add a new element to the indictment? If this were omitted, would the indictment be deemed to charge less than it now does? Does the *purpose* of "deposit" add anything thereto or subtract anything therefrom for the purpose of this statute? Unavoidably a "deposit" has some purpose. For the purpose of section 13001 it is sufficient that the goods or merchandise be kept in the railroad car for *"deposit"*. No purpose of the deposit need be stated. If the state chooses to make its indictment more specific than the requirement of the statute, it will be bound by its specification. No prejudice can thereby result to the accused defendant. The subject of the larceny in this case was sugar,—ten sacks thereof. The evidence tended to show that it was on deposit in the car for the purpose of transportation to Mason City, Iowa. The car, however, was not in motion. It had been cut out of a train and shunted upon a side track. It was at rest and subject to later developments. We see no reason for saying that the indictment failed to include all the elements of the offense defined in section 13001. The use of the word "transportation" involved no inconsistency with the rest of the indictment. If it involved surplusage, no complaint to that effect was made.

We hold that the indictment was sufficient under section 13001.

II. The defendant further complains that if we hold the indictment sufficient under section 13001, then the court erred in its construction of the indictment and in its method of submission thereof to the jury. We turn to the instructions.

Instruction No. 1 contained the following:

"The statutes of this state provide: That if any person with intent to commit a public offense, at any time break and enter any office, shop, store, warehouse, railroad car, boat or vessel, or any building in which goods, merchandise or valuable things are kept for use, sale or deposit, he shall be punished as provided by law.

"In order to make out the crime charged in this indictment under said statute, each and all of the following matters must be

shown by the evidence before you beyond all reasonable doubt, to wit:

"1st. That this defendant now on trial, Robert Christofferson, either alone or in company with another or others, did break and enter a railroad car known as C & S No. 14358.

"2nd. That such car was then in the use, possession and control of the Illinois Central System, a corporation, and was then and there used as a place in which goods, wares and merchandise were kept for use, sale or deposit.

"3rd. That it was the intention of the defendant, Christofferson, in breaking and entering said car to commit the crime of larceny therein."

The foregoing conforms literally to the provisions of section 13001. The further complaint is that the court submitted to the jury the issue whether the car was *sealed* or *closed;* that such issue could be pertinent only to a charge of violation of section 13004; and that therefore such instruction was prejudicial.

The statement of the record in this connection is not accurate. What the court purported to do was to define a *"breaking"* and *"entering"*.

We quote:

"This does not mean that any great amount of physical force must be used to force an entrance into the car. To open a door that is closed and thereby gain entrance is a *breaking* and *entering* within the meaning of the law. It will be sufficient upon this point if it appears from the evidence that at the time in question the door of this car was closed, or was closed and sealed, and that the defendant, either himself or in conjunction with some other person or persons opened said door and through the opening thus made gained entrance into the car.

"In the second place it must be shown under the rules herein given you, that said car thus broken and entered was then in the use, possession and control of the Illinois Central System, a corporation, and that said car was then being used by said company as a place in which goods, wares and merchandise were kept for use, sale or deposit. The State is not required to show that said car was the property of the Illinois Central System, but it will be sufficient upon this point if the evidence shows that said car was at such time in the possession and under the control of said rail-

1286

way company, and that it was then being used as a place in which goods, wares and merchandise were kept in the process of transportation or therein awaiting delivery." ·

There was evidence that the car was closed and sealed and that the defendant broke the seal and thereby obtained entrance thereto. Under section 13004, it would have been requisite upon the state to allege in the indictment, and to prove by the evidence, that the car was *"sealed"*. There was no such requirement under section 13001. Under the indictment herein there. was no *allegation* that the car was *sealed,* though there was abundant *evidence* to that effect. The evidence was pertinent to the indictment, however, in that it did show a "breaking" and did thereby support a material allegation of the indictment.

Again, it is urged that the court expressly submitted to the jury the issue of *transportation* and that he thereby indicated his view that the case was being prosecuted as a violation of section 13004. This argument also is predicated upon an inaccurate interpretation of the record. The trial court purported to instruct the jury that the burden was upon the state to prove that the "breaking" and "entering" of the car was done with "intent to commit larceny". We quote from the instruction:

"If you find from the evidence before you that defendant did break and enter said railroad car, and you find that there were goods and merchandise stored in said car for the purpose of *transportation,* and you find that defendant was in the act of taking some of the goods contained in said car out of the same and was attempting to carry the same away and appropriate the same to his own use, you will be warranted in concluding that it was his intention, in breaking and entering said car, to commit the crime of larceny therein."

It will readily be seen that there is nothing in the foregoing that is inconsistent with the indictment, or inconsistent with the provisions of section 13001.

Lastly, it is urged that the defendant was sentenced to a term of ten years in the penitentiary under section 13001; whereas, under section 13004 the punishment was limited to five years in the penitentiary for the same offense. It is undoubtedly true, as disclosed by this record, that the defendant could have been prose-

cuted under either of the statutory sections here specified; and that the gravity of his offense was exactly equal whether it was prosecuted under one statute or the other. This fact would naturally influence the discretion of the court in applying to the defendant a lower penalty. But this could be true only if the court were vested with any discretion in the matter. Under the present state of our law the trial court has no such discretion. He is required to impose an indeterminate sentence. The power of discretion is conferred exclusively upon the board of parole. The alleged incongruity of these two sections, therefore, is not available to the defendant as a plea of mitigation of sentence. If five years should be deemed a maximum penalty, by reason of the limitation of section 13004, such plea should be addressed to the board of parole. The power of discretion, which is withheld from the trial court under the statute, is likewise withheld from us as an appellate court.

We reach the conclusion that the defendant was lawfully prosecuted under section 13001, and by an indictment properly conforming thereto. There was no failure of proof at any point; nor any prejudicial error on the part of the court.

The judgment is accordingly affirmed.

All Justices concur.