STATE OF IOWA, appellee, v. ARTHUR R. RUSSELL, appellant.

No. 51991.

1134

DECEMBER 13, 1966.

Joseph L. Phelan, of Fort Madison, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Robert B. Dickey, County Attorney, for appellee.

LARSON, J.—Defendant Arthur R. Russell was charged by county attorney's information with the crime of robbery with aggravation under sections 711.1 and 711.2 of the 1962 Code of Iowa. He entered a plea of not guilty, was tried before court and jury on May 24, 1965, and was found guilty as charged on May 25, 1965. When his motion for a new trial was overruled on June 22, 1965, he was sentenced to a term of twenty-five

years at the Iowa State Penitentiary. He appeals. We affirm.

Appellant asserts the trial court erred in refusing to grant a new trial on the basis that the sentence of twenty-five years imprisonment imposed upon him was excessive and unfair when two of his associates, also involved in the robbery, received substantially less punishment, and that his federal and state rights were thus violated.

The record is clear that Mr. Jackson, one of his associates, was also originally charged with the crime of robbery with aggravation. Later, on a guilty plea, Jackson was convicted of the lesser crime of receiving stolen property and was sentenced to imprisonment for a term not to exceed five years in the penitentiary. Section 712.1, Code 1962. Mr. Ferris, the other associate, also originally charged with the crime of robbery with aggravation, was on a plea of guilty convicted of the lesser crime of robbery and received a sentence of ten years in the Men's Reformatory. Section 711.3, Code 1962.

Thus it appears each of these parties was convicted of a different crime, and we do not have here a situation where three parties, charged and convicted of the same offense, received different sentences. Rather, each received the sentence authorized or required by the statute for the crime of which he stood convicted. It is appellee's position that the parties were not in the same class or in a like situation or circumstances such as to offend the tenets of the Federal or State Constitution. We must agree.

In this trial Ferris testified inter alia that he actually committed the robbery of the tavern, that he **did not want to** do it but was forced to do so by threats of appellant, that the appellant took possession of the loot of about $380, gave Jackson fifty or sixty dollars, and gave him just ten dollars.

■ I. While in his motion for a new trial defendant contended the evidence to corroborate Ferris' testimony was not sufficient to take the case to a jury, his counsel now concedes this evidence was sufficient. The corroboration required by statute, of course, need not be of every material fact testified to by an accomplice, but it is sufficient if it can fairly be said the accomplice is corroborated in some material fact tending to

connect defendant with the commission of the offense. State v. Roberts, 255 Iowa 166, 174, 121 N.W.2d 513; State v. Latham, 254 Iowa 513, 515, 117 N.W.2d 840. At any rate we agree that there was no error in holding the evidence in this case was sufficient for jury consideration.

II. It appears without serious dispute that Ferris, Jackson and appellant were confederates and that the evidence adduced was sufficient to sustain a charge that appellant aided and abetted Ferris in committing the robbery.

Section 711.1 of the 1962 Code provides: "If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery, and shall be punished according to the aggravation of the offense, as is provided in sections 711.2 and 711.3."

Section 711.2 of the Code provides: "If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; or if, being so armed, he wound or strike the person robbed; or if he has any confederate aiding or abetting him in such robbery, present and so armed, he shall be imprisoned in the penitentiary for a term of twenty-five years."

Section 711.3 of the Code provides: "If such offender commits the robbery otherwise than is mentioned in section 711.2, he shall be imprisoned in the penitentiary not exceeding ten years."

As we understand appellant, he contends the court should have given him a sentence no greater than the sentence given Ferris, who actually committed the taking. It is true, the distinction between an accessory and a principal has been abrogated (section 688.1, Code 1962), and perhaps each of these parties originally was properly charged with robbery with aggravation. But only defendant stood trial on that charge and he was convicted. The others chose to plead guilty to a lesser charge and they were then subject to a lesser penalty provided therefor. Why the county attorney chose to charge them with a lesser crime and the court permitted the lesser charge we do not know, but since there was no showing of

impropriety of these actions, we may assume they were based on proper values.

At any rate, the penalty prescribed by the applicable statute gave the court no discretion. On conviction of robbery with aggravation either as a principal or as an accessory, the accused must receive a sentence of twenty-five years in the penitentiary. Section 711.2. As the trial court pointed out, if it had departed from that statutory mandate and given a lesser sentence, the warden would of necessity have booked him as required in the statute. We must, therefore, conclude that the trial court did not err in refusing the request to reduce this sentence. It would have been error to do so.

III. The power of the legislature to prescribe punishment for criminal offense is subject to the constitutional provision forbidding the states to deprive persons of their life, liberty, or property, without due process of law, but nevertheless it is generally held that a state has full control over matters of procedure in its courts. This principle has received liberal interpretation in its application to statutes regulating the punishment of persons convicted of crime, when such enactments are challenged on constitutional grounds. Moyer v. Peabody, 212 U. S. 78, 29 S. Ct. 235, 53 L. Ed. 410; 21 Am. Jur.2d, section 581, page 544.

Appellant's contention that his sentence herein violated his constitutional rights set forth in the Amendment 14 to the United States Constitution, and section 9, Article I, of the Iowa Constitution, therefore, has no merit. Different required sentences were imposed upon those who stood convicted of different crimes. The fact that one may have been charged with several crimes as a result of certain acts does not deprive him of equal protection of the laws when it appears another in similar circumstances may be charged with a lesser crime and punished differently.

It is stated in 21 Am. Jur.2d, section 582, page 545: "The Fourteenth Amendment to the Federal Constitution guarantees to everyone within the jurisdiction of a state the equal protection of the laws. Among other things, this requires that in the administration of criminal justice no person be subjected

to a greater or different punishment for an offense than that to which others of the same class are subjected. But the guaranty of equal protection of the laws does not affect the right of a state to punish one offense more severely than another, or to establish different degrees of punishment for a criminal offense."

Here the legislature properly provided a different punishment for the offense of receiving stolen goods, and for robbery, and robbery with aggravation. They must be and are classed as different offenses, or different degrees of the same offense.

IV.    As stated, we are not advised as to the reasons Jackson and Ferris were allowed to plead guilty to lesser offenses than robbery with aggravation, nor as to whether the original charges have been dismissed. It seems, however, that appellant's principal complaint is directed to the right of the county attorney, with the court's approval, to charge appellant's confederates with a lesser crime than that brought against him. Perhaps it is true that the law contemplates that all accessories or confederates aiding and abetting the commission of a crime be charged with the same offense, but we know of no constitutional provision, federal or state, so demanding. Discretion must be left to the authority charged with the duty to prefer criminal charges against a suspect and, when such charge is approved by the court, it must be assumed the acts of the officials were in good faith and were based upon proper considerations. In any event, we find nothing in this record which indicates any abuse of the discretion given the county attorney to prefer different charges against each of the confederates, and hold his action was proper herein. Usually, as here, the corroborating evidence against each would not be the same, and this would properly be considered in determining the chance of obtaining a conviction on the charge selected and filed. The evidence as to Jackson's participation in this robbery was thin, and was largely based upon association. The evidence showed Ferris was a reluctant participant, under the influence of appellant, and disclosed his willingness to cooperate with the authorities in resolving this and other public offenses contemplated. These are factors that could be considered by the county attorney when preferring charges against the accused.

In support of the county attorney's discretion, see United States v. Brokaw, 60 F. Supp. 100, at 101; United States v. Cox, 342 F.2d 167, 171, and cases cited; Cummings v. State, 4 Kan. 225; Hassan v. Magistrates' Court, 20 Misc.2d 509, 191 N. Y. S.2d 238; Murphy v. Sumners, 54 Tex. Crim. 369, 112 S.W. 1070; Annotation, 96 A. L. R. 1064, 1065. All of these cases are to the effect that courts are slow to interfere with the broad discretion placed in the county attorney to prosecute or not prosecute for alleged public offenses, and to select the charges he believes should be prosecuted, if any. Also see State v. Koeppel, 250 Iowa 1052, 97 N.W.2d 926, on lack of court's power to accept a plea over county attorney's objection.

While the evidence may have sustained a more serious charge, the county attorney believed the charge against Ferris and Jackson should be reduced. In any event, it is clear that defendant was not charged with a crime he did not commit, that the evidence was sufficient to sustain the conviction, and that the court had no authority to alter the charge against appellant.

V. Appellant also contends under section 793.18, Code 1962, this court must examine the record without regard to technical error or defects and, having done so, may order a new trial or reduce the punishment. The rule in this regard is well settled. "Unless there clearly appears to be a miscarriage of justice, the discretion of the trial court in overruling a motion for new trial will rarely be disturbed." State v. Brightman, 252 Iowa 1278, 1288, 110 N.W.2d 315. We have carefully examined the record and find no reason to disturb the court's action here. The punishment given was that prescribed by the statute, and we seriously doubt that even this court has the power to reduce the punishment set out in section 711.2 of the Code. State v. Christofferson, 215 Iowa 1282, 1287, 247 N.W. 819.

The record discloses defendant was fairly charged, fairly tried, and was found guilty by a jury. His punishment was not enlarged because he chose to stand trial on the offense charged, and he cannot successfully complain because his associates, under different circumstances and conditions evident to the authorities,

1140

were charged with lesser offenses, pleaded guilty, and were punished for those other offenses.

Having found no error, the conviction and judgment herein must be affirmed.—Affirmed.

GARFIELD, C. J., and SNELL, MASON, RAWLINGS and BECKER, JJ., concur.

MOORE, J., concurs in the result.

STUART, J., takes no part.

THORNTON, J., not sitting.