**STATE of Iowa, Appellee,**

v.

**Robert James KNUPP, Appellant.**

**No. 65241.**

Supreme Court of Iowa.

Sept. 23, 1981.

Gordon Liles, Fort Madison, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and Steven Hoth, Des Moines County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Following trial to the court, defendant Robert James Knupp was found guilty of kidnapping in the first degree, a violation of sections 710.1 and 710.2, The Code 1979. Among other issues his appeal confronts us with the troublesome question whether the victim was sufficiently "confined" or "removed" to justify the conviction. We affirm.

Substantial evidence was produced to permit trial court to find the following facts. A New Year's Eve party that started in the Burlington home of the victim and her husband on December 31, 1979, found its way to Downer's tavern in Gulfport, Illinois, the next morning. The victim and her husband quarreled. The latter suggested that the victim walk home. In her high heels she had trouble traversing the icy Mississippi River bridge and accepted a ride with defendant. She left his car at the tollbooth and resumed walking.

Defendant returned, stopped his car about five feet from the curb, opened the passenger door, and again asked the victim if she wanted a ride. She stepped into the street to answer the defendant, put her right hand on the car roof, and told defendant he was a "nice guy" but she did not want a ride. Defendant seized the victim's arm, pulled her into the car, and drove away. Apparently no one heard the victim's scream. Defendant told her he just wanted to make sure she got home safely. When he asked where she lived she replied that he could let her out at the Benson Lumber Company. During this travel the victim told defendant she had quarreled with her husband and that she was pregnant. She later characterized her reaction as "scared" and "babbling."

Defendant drove six or seven blocks toward the lumber company, but turned in at the Yetter Oil Company parking lot and stopped under an overpass bridge. The victim got out of the car. In the ensuing ten-minute struggle, defendant punched her in the stomach several times and she was shoved back into the front seat. As a preliminary to a resulting sex act defendant produced a knife and used it to cut through her body suit.

After the sex act the victim put on her blue jeans and walked the short distance to her home. She telephoned her baby-sitter, attempted to telephone her husband at Downer's, and called the police. Disheveled and crying, she partially described the occurrence and the defendant to the police and to the emergency-room doctor after the police took her to a hospital. There she was examined, treated for a knee abrasion, and released.

Defendant maintained at trial, and argues here, that the victim, angry at her husband, voluntarily accepted his offer of a ride home and consented to the sex act. The State contends she consented neither to the car ride nor the sex act. Trial court, as fact finder, ruled the State had proved defendant's guilt beyond a reasonable doubt.

Appealing, defendant asserts (1) there was insufficient evidence to establish several elements of first-degree kidnapping, (2) the mandatory life sentence for first-degree kidnapping should be reduced by this court, and (3) he was denied a fair trial by several other alleged errors.

### I. Sufficiency of the Evidence.

Defendant asserts the State did not prove beyond a reasonable doubt the confinement, removal, or sexual abuse elements of first-degree kidnapping. See §§ 710.1–.2, The Code. These contentions were raised and error preserved at trial by motions for judgment of acquittal and motion for new trial.

In reviewing trial court's disposition of the above motions, we accord its fact-findings the effect of a jury's special verdict. State v. York, 293 N.W.2d 13, 14

(Iowa 1980). We examine all the evidence in the light most favorable to the State, accept all legitimate inferences reasonably deducible from the evidence, and uphold an order if there is substantial evidence reasonably tending to support it. *E. g., State v. Rich*, 305 N.W.2d 739, 741 (Iowa 1981) (motion for judgment of acquittal); *State v. Sharpe*, 304 N.W.2d 220, 225–26 (Iowa 1981) (motion for new trial). In the criminal law context, substantial evidence means such evidence as could convince a rational trier of fact that an element of a crime has been proved beyond a reasonable doubt. *Compare State v. Robinson*, 288 N.W.2d 337, 339 (Iowa 1980) (criminal standard) *with General Telephone Co. of the Midwest v. Iowa State Commerce Commission*, 275 N.W.2d 364, 370 (Iowa 1979) (civil standard).

### A. Confinement or Removal Elements.

Code section 710.1 defines kidnapping. It provides in relevant part:

A person commits kidnapping when he or she either *confines* . . . or *removes* a person from one place to another, knowing that he or she has neither the authority nor the consent of the other to do so; provided, that to constitute kidnapping the act must be accompanied by one or more of the following:

. . . .

3. The intent to . . . subject the person to a sexual abuse.

§ 710.1, The Code 1979 (emphasis added).

In two of our recent kidnapping cases the victim was "removed" so far as to eliminate from the litigation any issue as to that element. *State v. Cross*, 308 N.W.2d 25 (Iowa 1981); *State v. Padgett*, 300 N.W.2d 145 (Iowa 1981). In two other opinions, filed after the trial in this case, we have grappled with the question whether the confinement or asportation imposed was proscribed by this section.

In *State v. Rich*, 305 N.W.2d 739 (Iowa 1981), we examined the terms "confines" and "removes" in section 710.1. We concluded:

[O]ur legislature, in enacting section 710.-1, intended the terms "confines" and "removes" to require more than the confinement or·removal that is an inherent incident of commission of the crime of sexual abuse. . . . Such confinement or removal must be more than slight, inconsequential, or an incident inherent in the crime of sexual abuse so that it has a significance independent from sexual abuse. Such confinement or removal may exist because it substantially increases the risk of harm to the victim, significantly lessens the risk of detection, or significantly facilitates escape following the consummation of the offense.

. . . Although the plain language of section 710.1 appears to encompass the usual case of sexual abuse, in which some movement or confinement occurs, a literal interpretation of the statutory language would not be sensible or just.

*Rich*, 305 N.W.2d at 745. We reasoned that the legislature did not intend to afford prosecutors a choice of two crimes with substantially disparate penalties to punish identical activity. *Id.* Because Rich bound a rape victim's hands and feet, twice buried her in a movable trash container, and wheeled her around and eventually out of a shopping center, where she escaped, we held such confinement and removal was not merely incidental to the rape but was for the purpose of avoiding detection or facilitating Rich's escape. We affirmed a conviction of first-degree kidnapping.

In *State v. Holderness*, 301 N.W.2d 733 (Iowa 1981), the defendant lured a ten-year-old girl into his car, choked and beat her, drove her several miles into the country to sexually abuse her, and finally returned her to the place of abduction. We held this confinement and removal was not merely incidental to the offense of sexual abuse, substantially increased the risk of harm to the victim, and that her removal to a more isolated area decreased the likelihood of discovery. *Id.* at 740.

In the case before us there was substantial evidence from which a rational fact finder could have found defendant pulled

the victim into his vehicle, drove away before she could escape, and took her six or seven blocks to a point under a bridge. After she got out of the car he hit her several times to force her back into the car and to submit to his sexual abuse. At the scene the police found evidence of defendant's car tracks, signs of a scuffle, and a damaged bracelet the victim had been wearing.

Applying the criteria we have identified in our opinions as aiding in the resolution of the removal issue, we hold this confinement and removal was kidnapping within section 710.1. Defendant's actions substantially exceeded that which could have been considered merely incidental to the sexual abuse, substantially increased the risk of harm to the victim, and significantly lessened the risk of detection. *Rich*, 305 N.W.2d at 745–46; *Holderness*, 301 N.W.2d at 740.

### B. Consent Elements for Kidnapping and Sexual Abuse.

■ Defendant testified the victim consented to the transportation in his auto and to the sex act. The victim testified both were done against her will. It became the fact finder's function to resolve such questions of fact and assess the credibility of the witnesses. *State v. Reeves*, 209 N.W.2d 18, 21 (Iowa 1973). The authorities we cited at the outset of this division establish that we will not disturb such a finding of fact unless substantial evidence reasonably tending to support it is lacking.

In its findings of fact trial court said "[i]n resolving the conflict in testimony between the defendant and [the victim], the Court has weighed the testimony in light of other physical evidence and finds the testimony of the defendant to be unconvincing in view of ... the cut body suit, the torn pantyhose, the torn panties and the bent bracelet." Our review of the record verifies this finding was a reasonable inference from all the evidence. It is equally applicable to defendant's testimony that the victim consented to the second car ride. We will not disturb trial court's findings.

### II. Reduction of the Mandatory Life Sentence.

■ Defendant contends that upon proof of mitigating circumstances we have the power and the duty to reduce his life sentence under the following relevant provisions of section 814.20, The Code:

> The appellate court ... may dispose of the case by affirmation, reversal or modification of the district court judgment. ... The appellate court may also order a new trial, or *reduce the punishment*, but cannot increase it.

(Emphasis added.)

However, section 710.2, The Code, provides that first-degree kidnapping is a class "A" felony. A class "A" felony is punishable as provided in section 902.1, which in pertinent part states:

> Upon ... a verdict of guilty ... upon which a judgment of conviction of a class "A" felony may be rendered, the [trial] court shall enter a judgment of conviction and *shall* commit the defendant into the custody of the director of the division of adult corrections for *the rest of the defendant's life.*

§ 902.1, The Code (emphasis added).

It is apparent that section 814.20 is a general statute encompassing the entire gamut of our appellate authority in criminal appeals. Section 902.1 is a specific provision that applies only in limited situations, class "A" felonies. Assuming an irreconcilable conflict between the two statutes, the specific provision prevails as an exception to the general provision. § 4.7, The Code.

In *State v. Russell*, 259 Iowa 1133, 1139, 147 N.W.2d 22, 26 (1966), we were urged to invoke our general appellate powers to reduce a mandatory sentence. We said:

> Appellant also contends under section 739.18, Code 1962 [predecessor section to section 814.20], this court [may] ... reduce the punishment. ... The punishment given was that prescribed by the statute, and we seriously doubt that even this court has the power to reduce the punishment set out in section 711.2 of the

code [mandatory sentence for robbery with aggravation].

We believe the same rationale applies here.

The many decisions defendant cites that involve appellate review of discretionary sentences in sexual abuse cases are inapposite. Obviously, our abuse of discretion standard of review, *State v. DeRaad*, 164 N.W.2d 108, 112–13 (Iowa 1969), cannot apply when the trial court is denied discretion by the applicable sentencing statute. We would review a sentence rendered under section 902.1 only if life imprisonment was *not* the sentence. *See DeRaad*, 164 N.W.2d at 112 ("Unless there is error in the sentence by reason of failure to follow a specific statutory provision . . . we do not interfere with the sentence.").

We hold that our section 814.20 authority to reduce sentences in criminal appeals cannot be applied to reduce a mandated sentence, like that prescribed in section 902.1.

### III. *Denial of Fair Trial.*

Defendant argues he was denied a fair trial because (1) the prosecutor made offers of proof that "may well have . . . unconsciously affected" trial court when it was deciding fact issues, (2) hearsay testimony was improperly admitted, and (3) the prosecutor made improper references to defendant's prior criminal record.

### A. *Offers of Proof.*

Defendant appears to claim the prosecutor's offers of proof, after defense counsel's evidentiary objections were sustained, amounted to prosecutorial misconduct. We cannot accept his necessary premise that the trial court judge, when making findings of fact, could not separate admissible evidence from testimony elicited during the offers of proof. *See generally McCormick's Handbook on the Law of Evidence* § 60 (2d ed. E. Cleary 1972). Even if we did accept this premise, however, the defendant must show prejudice caused by the prosecutorial misconduct before his conviction could be altered. *State v. Love*, 302 N.W.2d 115, 119 (Iowa 1981). Defendant has not carried this burden.

### B. *Hearsay Testimony.*

Defendant contends the testimony of the investigating police officer and the emergency-room doctor, relating what the victim told them about the incident, was inadmissible hearsay.

We hold trial court was within the permissible scope of its discretion in overruling defendant's hearsay objections because the victim's statements, in view of her condition and the short time lapse, fell within the excited utterance exception. *See State v. Ogilvie*, 310 N.W.2d 192, 196 (Iowa 1981); *State v. Stevens*, 289 N.W.2d 592, 596 (Iowa 1980).

### C. *Prior Criminal Record.*

Defendant also argues trial court was prejudiced by the prosecutor's questions relating to defendant's prior convictions and seamy conduct of over twenty years ago. This was a classic example of the prosecutor's zeal exceeding his judgment, *State v. Johnson*, 222 N.W.2d 483, 486–88 (Iowa 1974), and it can be viewed only as prosecutorial misconduct. But trial court sustained defendant's objections to the admission of this material. Defendant has not shown prejudice; he does not argue in his brief that the trial court relied on these innuendoes. *See Love*, 302 N.W.2d at 119. Further, the trial court made the following order to itself concerning the prosecution's questions: "The trier of fact is ordered to disregard the testimony." Without a showing of prejudice, we assume the trial court obeyed its own order. The prosecutor's misconduct does not rise to reversible error.

Defendant's conviction of kidnapping in the first degree is affirmed.

AFFIRMED.