STATE of Iowa, Appellee,

v.

Ralph Laverne DOUGHTY, Appellant.

No. 83–1275.

Supreme Court of Iowa.

Dec. 19, 1984.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Sherie Barnett, Asst. Atty. Gen., and William E. Davis, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

Defendant Ralph L. Doughty appeals from his conviction and sentencing for kidnapping in the first degree in violation of

Iowa Code sections 710.1 and 710.2 (1983). He argues the following grounds for reversal: (1) that the testimony of a police officer, reiterating statements made by the five-year-old victim, was hearsay and inadmissible; (2) that the instructions did not inform the jury that specific, as opposed to general, intent was necessary to support a conviction for first-degree kidnapping; (3) that the court failed to instruct the jury that the removal or confinement required must exceed that normally incident to the commission of sexual abuse; and (4) that a life sentence for first-degree kidnapping is unconstitutional as cruel and unusual punishment. We reverse and remand on the third issue.

The record reveals the following facts. The five-year-old victim had ridden a school bus to school in Davenport. While standing in front of the school, he was approached by a man who asked him to search for a lost dog, promising him money in return. The victim testified that he and the defendant went to a garage, where, at defendant's request, the child took down his pants. From that point, the two walked to a Davenport hotel where the defendant sexually abused him. The child testified that he drank a "Pepsi and a liquor" while in the hotel room and later fell asleep. When he awoke, the defendant dressed him and took him to the street where he inquired if the child knew his way back to school. The child said he did and walked off on his own in the direction of the school. The victim was spotted by a Davenport police officer who had been alerted to look for the young boy. The officer stopped his vehicle and talked to the victim. The child related that he had been taken to an "older gentleman's apartment" and related the details of the sexual abuse.

The officer put the child in the car and began to transport him back to the station when the child stated that he could take the officer to the place where "the man had taken him." During the ride back to the hotel, the child related, in response to questions by the officer, further details of the incident.

I. The law provides that a person commits the crime of kidnapping when, knowing he has neither the authority nor the consent of a person, confines or removes that person from one place to another for certain purposes, including sexual abuse. Iowa Code § 710.1 (1983); Uniform Instruction 1002. Kidnapping in the first degree occurs when, as a consequence of the kidnapping, the victim is intentionally subjected to sexual abuse. Iowa Code § 710.2 (1983). No statute defines "confined" or "removed" as used in the kidnapping statutes.

In *State v. Rich*, 305 N.W.2d 739 (Iowa 1981), we held that the confinement or removal necessary for kidnapping required more than that which is merely incident to the attendant sexual abuse. "Such confinement or removal may exist because it substantially increases the risk of harm to the victim, significantly lessens the risk of detection or significantly facilitates escape following the consummation of the offense." *Rich*, 305 N.W.2d at 745. *See State v. Knupp*, 310 N.W.2d 179 (Iowa 1981) (victim pulled into car, driven to an oil company parking lot where she was struck several times and forced to participate in a sexual act; held confinement not merely incidental to the commission of the crime of sexual abuse); *State v. Marr*, 316 N.W.2d 176 (Iowa 1982) (victim shoved around corner of building, by which she was standing, ten to fifteen feet into a gangway; held this was confinement incident to sexual abuse and therefore not kidnapping).

In *Rich*, we noted the importance of the confinement element:

Although the plain language of section 710.1 appears to encompass the usual case of sexual abuse, in which some movement or confinement occurs, a literal interpretation of the statutory language would not be sensible or just. We therefore believe that because of the substantial disparity between sentences the legislature intended the kidnapping statute to be applicable only to those situations in which confinement or removal

definitely exceeds that which was merely incidental to the commission of sexual abuse.

*Rich,* 305 N.W.2d at 745. We adhered to this rule of *Rich* in our recent case of *State v. Hardin,* 359 N.W.2d 185, 189 (Iowa 1984).

The trial court, in this case, instructed on the issue of confinement as follows:

### INSTRUCTION 9

A person is "confined" when his freedom to move about is substantially restricted by force, threat or deception. He may be confined either in a place where the restriction commences or in a place to which he has been removed. The confinement need not exist for any particular length of time, as long as it is for the purpose of restricting the person's freedom to move about.

This instruction followed Uniform Instruction 1007 as it existed prior to *Rich.* (Present Uniform Instruction 1007, which had been promulgated prior to the trial of this case, incorporates the requirements of *Rich.*)

■ While we do not agree with the defendant's argument that the court was required to define confinement or removal within the marshalling instruction, *State v. Hatter,* 342 N.W.2d 851, 858 (Iowa 1983), we believe he was entitled to the submission of an instruction pointing out the removal or confinement necessary for first-degree kidnapping. It was not enough, as the State suggests, that the jurors could have inferred this from instruction nine.

The State argues that, even if it were error to refuse an instruction along the lines of *Rich,* the error was harmless. This is so, it argues, because the fighting issue in the case was not confinement but the defendant's intoxication. While the jury could well have found that the removal and confinement were not merely incident to the sexual abuse, we cannot say it would be compelled to reach that conclusion. Under these circumstances, we cannot conclude that it was harmless error.

II. Other issues raised by the appellant concern (1) admission of the child's out-of-court statements through the testimony of a police officer; (2) failure of the court to instruct on specific, as opposed to general, intent; and (3) constitutionality of the life-sentence statute in first-degree sexual abuse. We address only those remaining issues which might arise on retrial.

■ The constitutional question was resolved adversely to the defendant in another first-degree sexual abuse case, *State v. Lamphere,* 348 N.W.2d 212, 220–21 (Iowa 1984), and the defendant no longer presses that argument. We find no merit in the argument that the court erred in failing to state in its instructions that the "intent to subject the [victim to] sexual abuse," for kidnapping under section 710.1(3) must be a "specific" rather than a general intent. The jury was correctly instructed that it must find an intent to commit sexual abuse. Such intent is specific, regardless of how it was characterized by the court; and it was not necessary that the statutory language be supplemented by insertion of the word "specific." While the court could have avoided this argument by simply acceding to the defendant's request in this regard, it was not error to refuse to do so.

The hearsay issue is a closer question and will likely recur on retrial. A police officer testified to statements made by the young victim, before the defendant's arrest, detailing the facts of the crime. The defendant objected on hearsay grounds, but the court ruled the evidence was admissible as an excited utterance. *See* Iowa R.Evid. 803(2). The State has abandoned this tack on appeal, apparently because there is some question as to the child's state of excitement and the spontaneity of his statements. In any event, the State now argues the evidence was not hearsay at all, because it was not "offered in evidence to prove the truth of the matter asserted." *See* Iowa R.Evid. 801(c). The evidence was, it argues, offered only to "explain the officer's subsequent actions which culminated in defendant's arrest."

The fact of a complaint is admissible to explain a third party's actions taken in response. *See State v. Williams,* 256 N.W.2d 207, 208 (Iowa 1977); *State v. Rush,* 242 N.W.2d 313, 319 (Iowa 1976); *State v. Hinkle,* 229 N.W.2d 744, 748–49 (Iowa 1975); *Crane v. Cedar Rapids and Iowa City Railroad,* 160 N.W.2d 838, 845–46 (Iowa 1968), *cert. granted,* 393 U.S. 1047, 89 S.Ct. 692, 21 L.Ed.2d 690 (1969), *aff'd,* 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969). The scope of such evidence, however, is limited. For example:

> In criminal cases, the arresting or investigating officer will often explain his going to the scene of the crime or his interview with the defendant, or a search or seizure, by stating that he did so "upon information received" and this of course will not be objectionable as hearsay, but if he becomes more specific by repeating definite complaints of a particular crime by the accused, this is so likely to be misused by the jury as evidence of the fact asserted that it should be excluded as hearsay.

*C. McCormick's Handbook on the Law of Evidence* § 248, at 587 (2d ed. E. Cleary 1972).

We believe the proffered evidence here approaches the line of inadmissibility drawn by these authorities because it went beyond the point of merely explaining why certain responsive actions were taken by the officers. On retrial, we assume the State will limit the officer's testimony accordingly and will rely on the first-hand testimony of the victim to furnish the additional details.

We reverse and remand for retrial.

REVERSED AND REMANDED.